McENTIRE v. GORMAN HOTEL CO.* (No. 8798.) (Court of Civil Appeals of Texas. Dallas. April 7, 1923.) Appeal from District Court, Dallas County; E. B. Muse, Judge. Suit by the Gorman Hotel Company against J. B. McEntire. Judgment for plaintiff, and defendant appeals. Affirmed. E. E. Hurt, of Dallas, for appellant.

HAMILTON, J. This suit was instituted for the recovery of a balance alleged to be due upon a subscription to the capital stock of a corporation to be organized for the purpose of constructing and operating a hotel. Allegations were made showing that appellant subscribed for 50 shares of stock at the agreed value of $5,000, which sum he bound himself to pay, and that he had paid only 25 per cent. of it. It was alleged that the corporation was organized upon the basis of the subscribed capital stock and a charter obtained, and that appellant had refused to perform his contract as to payment of the balance of his subscription in the sum of $3,750. The case was tried before the court without a jury. The record contains no statement of facts. However, the judge of the trial court filed conclusions of law and of facts at appellant's request. The facts found were these: That the citizens of Gorman, Tex., during a period of oil excitement in 1919, held a mass meeting for the purpose of devising plans to construct a hotel; that a committee was appointed at this meeting to sell stock in a proposed hotel corporation to be organized; that subscriptions for $80,000 of stock were obtained, and that $3,000 more was conditionally subscribed; that appellant subscribed $5,000; that the stock committee reported at a subsequent meeting of subscribers attended by appellant; that at this meeting it was decided that the desired hotel could be erected for $80,000; that appellant, an attorney practicing law at Gorman, was consulted at this meeting as to steps to be taken in the organization of the corporation; that appellant was employed there as an attorney to prepare all proper instruments and apply for and secure from the secretary of state a charter for the "Gorman Hotel Company," which employment he performed, and received therefor a fee agreed upon at the time of his employment. It was also found by the court that the charter of the corporation was obtained soon after the happening of the above recited events. It was found that, immediately after the meeting last above mentioned plans and specifications were prepared, and bids were so-

licited for the construction of the hotel. A committee was thereafter appointed to collect the subscriptions, and to this committee a payment of 25 per cent. was made by the appellant on May 27, 1919. A hotel was constructed, and operation of it was begun. The oil excitement proved to be temporary, and demands for a hotel became less. Appellant removed from Gorman, and refused to pay the balance of his subscription, which the court found to be $3,750. These findings must be taken as conclusive, in the state of the record. Upon the foregoing findings of fact the court concluded that, as a matter of law, appellant was legally liable for the balance of his subscription, and was estopped from denying his liability. The only complaint presented to this court is that the lower court committed error in refusing to file findings of fact and conclusions of law. This contention is completely refuted by the fact that the transcript contains findings of facts and conclusions of law filed by the court at the instance of appellant, as above indicated. There is no fundamental error disclosed, and accordingly the judgment is affirmed. Affirmed.